```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-21340-Civ-ALTONAGA
                              MAGISTRATE JUDGE P.A. WHITE
```

JEFFREY L. SUTTON,           :

    Petitioner,          :
v.
                                    :     REPORT OF
WALTER A. McNEIL,                  MAGISTRATE JUDGE
                                    :

    Respondent.
_____  :

## I. Introduction

Jeffrey L. Sutton, a state prisoner confined at Okeechobee Correctional Institution at Okeechobee, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his conviction entered in Case No. 99-09324 in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County on nine specified grounds.[1]

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the

---

[1] Sutton challenges his convictions on two grounds of trial court error and seven grounds of ineffective assistance of trial counsel. Specifically, he claims that the trial court erred (1) in allowing Detective Martinez to testify about the description of Sutton given to him by Charlene Perkins when Perkins did not testify at trial and (2) with regard to the instruction to the jury involving the testimony of witness Sheila Simmons, an addict. He alleges that he received ineffective assistance of trial counsel, because his lawyer (1) presented perjured alibi testimony at trial; (2) improperly advised him about the strengths and weaknesses of the case when a twenty-year plea offer was made; (3) did not request a race neutral reason when the state used peremptory challenges against potential African-American jurors; (4) failed to renew and preserve for appellate review his objection to the lack of African-Americans on the jury; (5) failed to file a motion in limine to exclude testimony of a telephone call allegedly made by Sutton to Maxie Daniels apologizing for the shooting; (6) did not object when the state did not call Deborah Holmes as a witness, claiming that she was unable to testify because she had been under the influence of alcohol at the time of the shooting; and (7) failed to request a continuance to determine if Deborah Holmes was competent to testify as a rebuttal witness.

United States District Courts.

For its consideration of the petition with supporting memorandum of law (DE# 1, 2), the Court has the petitioner's pleading regarding the limitations period (DE# 3), the respondent's response to an order to show cause with multiple exhibits (DE# 13), and the petitioner's reply (DE# 17).

## II. Procedural History

Sutton was convicted after jury trial of the offense of second degree murder with a firearm and he was sentenced as an habitual felony offender to a term of life imprisonment with a three-year minimum mandatory term.[2] See Record on Direct Appeal at

---

[2] The facts of this case as revealed by the evidence admitted at trial were summarized by the Florida Third District Court of Appeal in the direct appeal proceeding in its denial of Sutton's motion for rehearing as follow:

> The State charged the defendant with the second degree murder of Alfred Daniels on Sunday, March 14, 1999. According to the State witnesses, the defendant believed that Alfred Daniels, his friend Sheila Simmons, and Angela Jones had broken into his car and stolen his property. Three witnesses testified that the defendant was angry and approached each of them looking for Alfred on Sunday morning.
>
> According to the State's witnesses, the defendant found Alfred at home at about 2:30 in the afternoon. There was a confrontation between the two men at the front gate. Alfred turned to walk back into the house and the defendant shot him in the lower back, and Alfred died several hours later. Sheila Simmons testified that the defendant was the shooter. Alfred's brother Maxie testified that he received a telephone call from the defendant apologizing for the shooting.
>
> The defendant presented witnesses stating that the defendant had been living in Atlanta prior to this incident and that on the weekend of March 12-14, he had traveled to Jasper, Florida to attend a birthday party for Caroline Lee, the wife of the defendant's brother Jamerson "Sonny" Lee. Jamerson Lee testified that the defendant and their brother, Carl McKier, arrived in Jasper on Friday evening and stayed through Sunday at 6:00 p.m., at which time they returned to Atlanta.
>
> Each side attacked the credibility of the other side's witnesses. The defense contended that Sheila Simmons could not be believed because she was admittedly an alcoholic and user of crack cocaine. The same was true of another State witness. The defense argued that the victim's brother Maxie was shading his testimony to try to help the State win the prosecution. The defense contended that in Maxie's testimony, he had effectively conceded that he did not recognize the defendant's voice in the telephone call of apology and had assumed it was the defendant without knowing it was so.

69, 71-3, 97-9. (DE# 14; App. A). Sutton's conviction and sentence were affirmed by the Florida Third District Court of Appeal in a *per curiam* written opinion. (DE# 14; App. E). See also Sutton v. State, 909 So. 2d 292 (Fla. 3 DCA 2004). Sutton filed a motion for clarification, rehearing or rehearing en banc and the state filed a response. (DE# 14; App. F, G). The appellate court denied the motion for rehearing in an extensive written order in which the trial court thoroughly reviewed the evidence admitted at trial. (DE# 14; App. H). See also Sutton v. State, 909 So. 2d 292, 296 (Fla. D3d DCA 2005). On November 17, 2005, Sutton's petition for discretionary review was denied by the Florida Supreme Court was denied. (DE# 14; App. I). See also Sutton v. State, 917 So.2d 195 (Fla. 2005).

Shortly after the direct appeal proceedings had concluded, Sutton returned to the trial court, commencing pro se postconviction relief. He first filed on December 12, 2005, a motion to correct illegal sentence pursuant to Fla.R.Crim.P. 3.800(a), challenging the lawfulness of his habitual felony offender sentence based upon state law principles. (DE# 14; App.

---

The State argued that the alibi witnesses all had ties to the defendant and had fabricated the alibi for him. The witnesses who testified were the defendant's brother Jamerson Lee, his sister Brenda Lindsey, and Marsha White, the former girlfriend of another of the defendant's brothers, Carl McKier, with whom she had two children. Jamerson Lee testified that photographs had been taken at the birthday party on Sunday March 14 and the photographs included the defendant-but the family had been unable to find the photographs. The State argued that this testimony was unbelievable and the alibi should not be accepted because no one came forward with it until long after the defendant's arrest.

As part of its case, the State contended that the defendant had done four things which indicated consciousness of guilt: (1) the defendant hid from the police and fled to Atlanta; (2) the defendant cut his hair to change his appearance; (3) the defendant denied that he was Jeffrey Sutton when he was arrested in Atlanta two months after the crime; and (4) the defendant attempted to give the arresting officers a false name at the time of his arrest.

Sutton v. State, 909 So.2d 292, 293-94 (Fla. 3 DCA 2004). See also Trial Transcript. (DE# 14; App. T).

3

J). The trial court summarily denied the motion in a written order. (DE# 14; App. J). Sutton took an appeal from the trial court's order, and the ruling was affirmed by the appellate court in a *per curiam* decision without written opinion. (DE# 14; App. K). See also Sutton v. State, 928 So.2d 353 (Fla. 3 DCA 2006)(table). The mandate issued on May 12, 2006. (DE# 14; App. K).

Approximately eight months later, on January 26, 2007, Sutton filed in the trial court a Rule 3.850 motion, challenging his convictions on the same seven grounds of ineffective assistance of trial counsel raised in this federal petition. (DE# 14; App. L). The trial court summarily denied the motion, finding the claims meritless, and denied Sutton's motion for rehearing. (DE# 14; App. N, P). Sutton appealed the rulings, and the Florida appellate court in a written opinion found that the claims raised were facially sufficient for relief. (DE# 14; App. N). See also Sutton v. State, 994 So. 2d 1120 (Fla. 3 DCA 2007). Consequently, the court reversed and remanded the case to the trial court to either conduct evidentiary proceedings or attach written portions of the record conclusively refuting Sutton's claims if the motion was again summarily denied. Id. After the remand, the trial court summarily denied Sutton's Rule 3.850 motion in a thorough and well-reasoned written order in which all claims were addressed on the merits and rejected on the basis that Sutton had failed to demonstrate that he received ineffective assistance of trial counsel. (DE# 14; App. O). The trial court in its order referred to various portions of the state court record and attached those records to its order to support the summary denial. Id. After Sutton's motion for rehearing was denied, Sutton appealed the trial court rulings. (DE# 14; App. Q, R). The appellate court affirmed the trial court's denial of postconviction relief in a *per curiam* decision without written opinion, and denied Sutton's motion for rehearing. (DE# 14; App. Q,

4

R, S). See also Sutton v. State, 990 So. 2d 1081 (Fla. 3 DCA 2008)(table). The mandate issued on October 3, 2008. (DE# 14; App. Q).

### III. Statute of Limitations

Approximately seven months after all state court proceedings had concluded, Sutton filed in this Court on May 15, 2009,[3] the instant federal pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The respondent in his response to the order to show cause asserts *inter alia* that the instant petition is time-barred pursuant to 28 U.S.C. §2244(d), warranting dismissal of the petition. Full and careful review of the record has revealed that the respondent's assertion of time-bar is meritorious and this petition should be dismissed as time-barred for the reasons indicated immediately below.[4]

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must generally file his §2254 petition within one year from the date that his conviction became final by

---

[3]This Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n. 4 (11 Cir. 2008). See also Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[4]The undersigned disagrees with the respondent's calculation method used to arrive at his conclusion that this petition is time-barred. Specifically, the respondent asserts that Sutton is not entitled to tolling time credit from December 13, 2007, the date the trial court entered its second order, summarily denying Sutton's Rule 3.850 motion, until February 6, 2008, when Sutton filed his notice of appeal from the denial of postconviction relief. The respondent argues that because the notice of appeal was late by 25-days, the period is untolled time. There is no indication whatever in the record that the notice of appeal was deemed untimely filed by either the state trial or appellate court. See DE# 14; App. R. The appellate court received the summary record from the trial court and the appeal proceeded as timely instituted. Id. Nevertheless, this Court agrees with the respondent's conclusion that this petition has been filed beyond the applicable one-year statute of limitations and, even if Sutton is not entitled to the subject 25-day period, the instant petition remains time-barred for the reasons indicated herein.

the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. §2244(d)(1)(A);[5] Jimenez v. Quarterman, ___ U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[6] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in rare and exceptional cases. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(holding that for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). See also Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be

---

[5]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[6]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

   The judgment of conviction and sentence in the instant case became final at the latest on February 15, 2006, ninety days after the Florida Supreme Court denied Sutton's petition for discretionary review. See Jimenez v. Quarterman, 129 S.Ct. at 685; SUP.CT.R. 13(1). This federal petition for writ of habeas corpus challenging the instant conviction was not filed until May 15, 2009, well-beyond one-year after the date on which the conviction and sentence became final. The petition is, therefore, time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

   As indicated above, Sutton actively pursued postconviction challenges to his conviction and sentence in both the state trial and appellate courts. Based upon the record here as set-forth above, the one-year limitation period commenced running on May 13, 2006, after the conclusion of Sutton's appeal from the denial of his Rule 3.800 motion. From that date, Sutton waited **259-days** before filing on January 26, 2007, his next postconviction proceeding, a Rule 3.850 motion. The state postconviction proceeding remained pending until October 3, 2008. At that point, there were **106-days** of untolled time. Sutton pursued no additional state court proceedings. See Docket Sheet in Miami-Dade County Circuit Court Case No. 99-9324. (DE# 14; App. B). After waiting **224-days** after all state postconviction proceedings had concluded,

Sutton filed the instant federal petition. In other words, after giving Sutton all the tolling time credit for which he is entitled, his petition was due in this Court on or before January 19, 2009. His petition is, therefore, **118-days** late.

Thus, in order for this petition to be deemed timely, Sutton must demonstrate that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or is entitled to equitable tolling of the limitations period. Sutton has expressly addressed the limitations issue in a pleading filed along with his form petition.[7] See Petitioner's Notice of Timely Filing Under AEDPA 28 U.S.C. §2254. (DE# 3). Petitioner merely recites in a chronological fashion, and not with accuracy as to all dates, the direct appeal and state postconviction proceedings he pursued. Id. He apparently maintains that based upon the recited relevant date as to the finality of his conviction and dates pertaining to the postconviction proceedings, for which he is entitled to tolling time credit, the instant petition is timely filed. Petitioner is mistaken, as indicated herein.

Further, there is absolutely no indication in the record that the extraordinary remedy of equitable tolling is warranted here,

---

[7] Generally, this Court enters an order to the petitioner, requiring him or her to state whether one or more of the four statutory factors, see 28 U.S.C. §2244(d)(1)(A)-(D), justifies consideration of this petition for writ of habeas corpus. The order advises the petitioner that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition as time barred. The petitioner in this case was not so notified. However, because Sutton filed with his petition a pleading specifically addressing the limitations period, the order was not necessary in this case. Further, the undersigned's Report and Recommendation entered this date clearly places Petitioner on notice that the one-year statute of limitations is dispositive in this habeas corpus case. Any appropriate opposition to the time-bar can be asserted by Petitioner through the filing of timely objections to this Report.

because Petitioner has failed to allege, let alone establish, that his untimely filing was the result of extraordinary circumstances that were beyond his control and unavoidable. See Lawrence v. Florida, 549 U.S. at 336, 127 S.Ct. at 1085. The Eleventh Circuit has continued to emphasize that "[e]quitable tolling is an extraordinary remedy that must be applied sparingly" for "[a] truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11 Cir. 2008). If Petitioner were to maintain that he could not timely file his habeas petition with this Court, because he first needed to exhaust his state court remedies prior to filing the instant petition, any such claim would be meritless. Because the tolling provisions of §2244(d)(2) already accommodate the exhaustion requirement that petitioner faced, he would not be entitled to equitable tolling on this basis. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2 Cir. 2000); See also Franklin v. Bagley, 27 Fed. Appx. 541, 542-543 (6 Cir. 2001)(limitations period not equitably tolled due to the fact that petitioner was attempting to exhaust all of his state court remedies prior to filing his federal habeas petition, absent a showing of due diligence).

It also cannot be overlooked that Sutton waited **224-days** from the conclusion of his final state court proceeding before filing the instant federal petition (i.e., from October 4, 2008, until May 15, 2009). Sutton offers no explanation whatever for the delay in filing. Here, the state appellate court affirmed the state trial court's denial of his Rule 3.850 motion and all the petitioner had left to do was file his §2254 petition. By that time, Sutton had already exhausted all claims now raised in the instant federal petition through the state trial and appellate courts during his direct appeal and Rule 3.850 motion. Thus, review of the record in this case reveals that Sutton has not pursued the process with diligence and alacrity. He has, therefore, not sustained his burden

of proving that the application of the equitable tolling doctrine is applicable here. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. See also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect). "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5 Cir. 1989).

The record also does not indicate that Sutton was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus. Finally, Sutton's status as an unskilled layperson does not excuse the delay.  See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

In conclusion, Sutton has presented no valid justification supported by the record for his failure to file his federal habeas corpus petition attacking the instant conviction before the expiration of the one-year limitations period. The time-bar is ultimately the result of Sutton's failure to timely prosecute state postconviction proceedings and then this federal habeas corpus petition. Since the claims raised by Sutton in this habeas corpus proceeding instituted on May 15, 2009, are untimely, the claims are

time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and Sutton is not entitled to review on the merits of those claims.

## IV. Evidentiary Hearing

Petitioner's request for an evidentiary hearing should be denied. An evidentiary hearing is not required in this case, because the habeas petition can be resolved by reference to the state court record. 28 U.S.C. §2254(e)(2); Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007)(holding that if record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). See also Atwater v. Crosby, 451 F.3d 799, 812 (11 Cir. 2006)(addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim.").

## V. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2).[8]

---

[8] Even if this petition were not subject to dismissal as time-barred, it appears as if Sutton would not be entitled to relief in this federal habeas corpus proceeding in that his claims are meritless for the reasons expressed by the respondent in his thorough response which is supported by the record before this Court which includes a copy of the trial transcript. See 28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (1999). See also Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009)(stating that "because the Strickland [v. Washington, 466 U.S. 668 (1984)] standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."), citing, Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)(per curiam); Mitchell v. Esparza, 540 U.S. 12, 16 (2003)("[A] state court's decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions.... [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 13th day of May, 2010.

UNITED STATES MAGISTRATE JUDGE

cc: Jeffrey Sutton, Pro Se
DC# 433886
Okeechobee Correctional Institution
3420 N.E. 168th Street
Okeechobee, FL 34972-4824

Michael C. Greenberg, AAG
Department of Legal Affairs
444 Brickell Avenue
Suite 650
Miami, FL 33131

---

them.'")(*quoting* Early v. Packer, 537 U.S. 3, 7-8 (2002).