UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21340-CIV-ALTONAGA/White

**JEFFREY L. SUTTON**,

    Petitioner,

vs.

**WALTER A. MCNEIL**,

    Respondent.
_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** came before the Court upon Magistrate Judge Patrick A. White's Report of Magistrate Judge (the "Report") [ECF No. 20], entered May 13, 2010. On May 15, 2009, Petitioner, Jeffrey L. Sutton, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (the "Petition") [ECF No. 1]. The Clerk referred the Petition to Magistrate Judge White under Administrative Order 2003-19 and 28 U.S.C. § 636(b)(1)(B) for a report and recommendation on any dispositive matters. (*See* [ECF No. 5]). Mr. Sutton filed his Objection to Magistrate Judge's Report and Recommendation (the "Objections") [ECF No. 23] on June 23, 2010; and Respondent, Walter A. McNeil, filed his Response to Objections to Magistrate's Report (the "Response") [ECF No. 25] on July 7, 2010. The Court has carefully reviewed the Report, the parties' written submissions, and the applicable law, and has conducted a *de novo* review of the record.

Judge White recommends the Petition be dismissed because: (1) Mr. Sutton did not file his Petition within the one-year statute of limitations; (2) Mr. Sutton is not entitled to equitable tolling; and (3) Mr. Sutton's claims are meritless. In his Objections, Mr. Sutton does not dispute that he

Case No. 09-21340-CIV-ALTONAGA/White

failed to file the Petition within the one-year statute of limitations;[1] however, Mr. Sutton contends he is entitled to equitable tolling because prison officials illegally confiscated his legal documents. (*See Objections* at 3–6). Mr. Sutton also asserts the Court should not accept Judge White's "cursory conclusion" on the merits. (*Id.* at 6).

**A.      Equitable Tolling**

Under equitable tolling, the petitioner has the burden to prove: (1) he pursued his rights diligently; and (2) some extraordinary circumstances prevented a timely filing. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Mr. Sutton did not raise equitable tolling in his Petition or his Notice of Timely Filing Under AEDPA [ECF No. 3]; and Respondent did not raise equitable tolling in his Response to Order to Show Cause [ECF No. 13]. Judge White therefore concluded Mr. Sutton is not entitled to equitable tolling because he "failed to allege, let alone establish, that his untimely filing was the result of extraordinary circumstances that were beyond his control and unavoidable." (*Report* at 9). Judge White noted, however, that Mr. Sutton could raise "[a]ny appropriate opposition to the time-bar . . . through the filing of timely objections to this Report." (*Id.* at 8 n.7).

In his Objections, Mr. Sutton contends he is entitled to equitable tolling because prison guards illegally confiscated his legal documents, which he needed to prepare his Petition. According to Mr. Sutton, the delay in filing his Petition was, therefore, beyond his control. Mr. Sutton attaches his inmate request forms in which he requested prison officials return his legal documents. (*See Objections* Exs. A, B). And Mr. Sutton correctly notes equitable tolling is appropriate "when the

---

[1] "Failure to object to the magistrate's factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

2

Case No. 09-21340-CIV-ALTONAGA/White

State's conduct prevents the petitioner from timely filing." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005).

Respondent asserts "the seizure of the documents was due to Sutton's own disregard for the rules" and not the prison guards' misconduct: Mr. Sutton should have kept his documents in a storage locker. (*Resp.* at 6, 14). Respondent also contests the authenticity of Mr. Sutton's inmate request forms and asserts "if the documents [were] seized it had to be because Sutton had been notified of the violation and refused to rectify the situation or the situation never happened since the rules refute Sutton's version of events." (*Id.* at 14). Finally, Respondent contends Mr. Sutton "has failed to demonstrate how he was prejudiced by the seizure of his legal documents or even the extent of the seizure of his legal documents." (*Id.* at 7).

The parties' written submissions raise many factual questions concerning equitable tolling, such as: (1) Are the grievance documents Mr. Sutton submitted authentic?; (2) Was Mr. Sutton violating prison rules?; (3) If so, was Mr. Sutton previously notified he was violating prison rules?; (4) Did the prison guards illegally confiscate the documents?; (5) Which of his documents were confiscated?; and (5) Were the confiscated documents necessary to prepare his Petition, i.e., was Mr. Sutton prejudiced? Because of these questions, and others, further report and recommendation is necessary before the Court can determine whether Mr. Sutton is entitled to equitable tolling.

**B.     The Merits of Mr. Sutton's Claims**

Mr. Sutton raises nine claims in his Petition. Addressing all nine claims, Judge White stated in a footnote that

> [e]ven if this petition were not subject to dismissal as time-barred, it appears as if Sutton would not be entitled to relief in this federal habeas corpus proceeding in that

3

Case No. 09-21340-CIV-ALTONAGA/White

his claims are meritless for the reasons expressed by the respondent in his thorough response which is supported by the record before this Court which includes a copy of the trial transcript.

(*Report* at 11 n.8). Respondent contends Mr. Sutton failed to challenge this alternative basis for dismissing the Petition (*see Resp.* at 16–17); but Mr. Sutton specifically objected to Judge White's "cursory conclusion" (*Objections* at 6). Moreover, without a more thorough analysis of Mr. Sutton's claims, the Court is unable to accept Judge White's recommendation that the Petition be dismissed on the merits.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report **[ECF No. 20]** is **ACCEPTED IN PART** and **REJECTED IN PART**.

2. Mr. Sutton failed to meet the one-year statute of limitations; however, Mr. Sutton may be entitled to equitable tolling. Therefore this matter is **RE-REFERRED** to Magistrate Judge White for further report and recommendation on whether Mr. Sutton is entitled to equitable tolling, and, if so, whether the Petition is subject to dismissal on the merits.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of July, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Jeffrey L. Sutton, *pro se*